UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CLINT PHILLIPS, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:16CV1235 AGF |
| | ) | |
| MISSOURI DEPARTMENT OF SOCIAL SERVICES CHILD SUPPORT ENFORCEMENT, | ) ) ) ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Presently before the Court is the motion of plaintiff Clint Phillips, III for leave to commence this action without prepayment of the required filing fee (Docket No. 2). Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. The Court will therefore grant plaintiff leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. In addition, the Court has reviewed the complaint and will dismiss it for lack of subject matter jurisdiction. The Court will also deny, as moot, plaintiff's motion for the appointment of counsel. (Docket No. 4).

### Legal Standard

Rule 12(h)(3) of the Federal Rules of Civil Procedure provides: "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

### The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, and names the Missouri Department of Social Services, Child Support Enforcement Division, as defendant. Plaintiff

1

alleges that defendant failed to credit him for amounts he overpaid in child support, which plaintiff characterizes as "extortion." (Docket No. 1 at p. 4-5). Plaintiff also alleges that he did not receive a hearing in his child support case. Plaintiff asks this Court to award him $3,000,000.00 in monetary relief.

**Discussion**

This Court lacks jurisdiction over the subject matter of this case, i.e., child support. There is no question that Plaintiff's challenges to the actions of Missouri's Division of Child Support Enforcement are within the field of domestic relations, a field over which the federal courts lack subject matter jurisdiction. *See Kahn v. Kahn*, 21 F.3d 859, 861 (8th Cir. 1994) ("The domestic relations exception . . . divests the federal courts of jurisdiction over any action for which the subject is a divorce, allowance of alimony, or child custody.") (internal citations omitted). "When a cause of action closely relates to but does not precisely fit into the contours of an action for divorce, alimony or child custody, federal courts generally will abstain from exercising jurisdiction." *Id.* "Child support obligations [are] within the domestic relations exception domain." *Lannan v. Maul*, 979 F.2d 627, 631 (8th Cir. 1992). Based upon the foregoing, the Court determines that it lacks subject matter jurisdiction over the claims in the instant complaint.

The Court also notes that it lacks subject matter jurisdiction to engage in appellate review of state court decisions. *Postma v. First Federal Sav. & Loan of Sioux City*, 74 F.3d 160, 162 (8th Cir. 1996). "Review of state court decisions may be had only in the Supreme Court." *Id*. Thus, to the extent that plaintiff can be understood to generally seek review of the Missouri child support case in which he is presently involved, this Court lacks jurisdiction to entertain plaintiff's claims.

Therefore, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that plaintiff Clint Phillips, III's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's Motion for the Appointment of Counsel (Docket No. 4) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the complaint and all of plaintiff's causes of action against defendant are **DISMISSED** without prejudice. A separate Order of Dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because this Court lacks jurisdiction over the subject matter of this case.

Dated this 19th day of October, 2016.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE